Argued June 17, affirmed August 2, reconsideration denied
September 8, petition for review denied September 28, 1976

STATE OF OREGON, *Respondent,*
*v.*
EARL WILLARD BARKER, *Appellant.*
(No. 8857, CA 5757)
552 P2d 565

*Kenneth A. Morrow,* Eugene, argued the cause for appellant. With him on the brief were Morrow & McCrea, P.C., Eugene.

*Kevin L. Mannix,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Fort and Thornton, Judges.

SCHWAB, C. J.

## SCHWAB, C. J.

A confrontation between defendant and two teenagers trespassing on his isolated property resulted in prosecution of defendant for second-degree assault, ORS 163.175, and recklessly endangering another person, ORS 163.195. A jury returned verdicts of, respectively, guilty and not guilty. Defendant appeals from the resulting assault conviction, accusing both the prosecutor and a juror of misconduct.

After a pretrial omnibus hearing, the court ruled that certain named persons could not testify about prior violent confrontations between defendant and themselves. Many of these prior confrontations occurred on or near defendant's property. In his opening statement, the prosecutor said:

> "* * * you are going to see that the defendant has a rather unique situation, in that he has had a lot of trespassers out there. He has had a lot of vandalism out there. And the defendant has developed a rather severe attitude towards trespassers. He has become a kind of a one-man patrolling army out there . . . ."

Defendant moved for a mistrial, contending the prosecutor's statement violated the court's order that evidence of prior incidents involving himself and persons other than the alleged victims was inadmissible.

We disagree with this characterization of the prosecutor's statement. The trial court's earlier ruling was that the evidence in question was not admissible under any exception to the general rule prohibiting receipt of evidence of other *crimes.* We do not read the prosecutor's statement as referring to other *crimes.*

■ The first part of the prosecutor's statement — referring to a history of trespass and vandalism problems — was only a preview of what the state's evidence would show, the defendant having already stipulated to the admissibility of a taped statement he made to investigation officers which included defendant's description of previous incidents on his land. We fail to see any improper advocacy here.

[ 299 ]

■ The latter part of the prosecutor's statement — characterizing defendant as a "one-man patrolling army" — was perhaps objectionable as argumentative, and at least comes closer to violating the court's ruling that specific testimony about prior violent confrontations was inadmissible. The trial court stated to defense counsel:

> "You are quite correct that there were a number of witnesses that the Court heard at the time of the omnibus hearing whose testimony was ruled inadmissible on the trial on this issue, but I don't know whether there is any other evidence, particularly coming from the defendant himself, and consequently the Court will deny the motion at this time.
>
> "Obviously, you may have an opportunity to make the same motion at a later time * * * after the Court has heard the evidence."

Defendant never did renew his motion for a mistrial. We find no reversible error in the denial of the motion when made.

■ Defendant moved for a new trial, filing affidavits that are the basis of his juror-misconduct argument. No hearing having been held on the motion within 20 days, it was considered denied pursuant to ORS 136.535(3).

■ Viewed in a light most favorable to defendant, the essence of the affidavits is that one juror: (1) previously knew defendant by reputation, but not personally; (2) was biased against defendant, although the reason for the bias is not clear; (3) believed the victims were not trespassing, even though they admitted they were; and (4) may have based his conclusions on information that was not introduced in evidence. Some of these claims seem implausible; for example, the record reflects that the supposedly biased juror voted to find the defendant not guilty on the charge of recklessly endangering another person. But even accepting all of the statements in the affidavits as true, we perceive no basis for a new trial.

The relevant statute provides:

"A former judgment may be set aside and a new trial granted on the motion of the party aggrieved for any of the following causes *materially* affecting the substantial rights of such party.

"* * * * *

"(2) Misconduct of the jury * * *." ORS 17.610 (Emphasis supplied.)

The jury's vote on the assault charge was 11-to-1 for conviction. One of the affidavits states this vote was taken without a significant prior discussion. On this record, a single juror's bias could not have *materially* affected the outcome because 10 votes for conviction would have been sufficient, ORS 136.450, and a vote taken without discussion could not possibly have been influenced by the misconduct of a single juror.

Affirmed.